Filed 10/20/20  P. v. Stopani CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL C. STOPANI,<br><br>    Defendant and Appellant. | B302980<br><br>(Los Angeles County<br> Super. Ct. No. VA124204) |

APPEAL from a judgment of the Superior Court for Los Angeles County, John A. Torribio, Judge.  Appeal dismissed.

Heather J. Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Daniel C. Stopani appeals from the denial of his petition for resentencing under Penal Code section 1170.95.  His appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking that we independently review the record.  On July 2, 2020, we sent a letter to defendant, informing him that his counsel was unable to find any arguable issues and inviting him to submit a supplemental brief or letter within 30 days raising any contentions or arguments he would like the court to consider.  We have not received any supplemental brief or letter from defendant.

As recently explained by our colleagues in Division Two of this Appellate District, the procedures set forth in *Wende, supra*, 25 Cal.3d 436, are not constitutionally required for appeals other than a criminal defendant's first appeal of right.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034.)  Instead, based upon its analysis of the caselaw involving no-issue briefs filed by appointed counsel, the *Cole* court proposed a variation of the *Wende* procedures for appeals from the denial of postconviction relief.  Under those procedures, if the defendant's counsel files a brief indicating there are no reasonably arguable issues to present to the court, and the defendant does not exercise his or her right (after notice) to file a supplemental brief, we may dismiss the appeal as abandoned.  (*Id.* at pp. 1037-1039.)  We agree with the *Cole* court's analysis and adopt those procedures.  Accordingly, we will dismiss this appeal.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

MANELLA, P. J.

CURREY, J.